UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAE HENDERSON, Jr.,<br><br>Petitioner,<br><br>v.<br><br>DAE HENDERSON JR. TRUST,<br><br>Respondent. | No. 1:18-cv-00143-SKO HC<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>**(Doc. 1)** |

**SCREENING ORDER**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to seek state records for several cases and Petitioner's release from the Sierra Conservation Center.

**I.    Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*,

1

440 F.2d 13, 14 (9th Cir. 1971).

## II. <u>Petitioner Fails to State a Cognizable Federal Claim</u>

Although the petition is not clear, Petitioner appears to be stating a claim for breach of contract. Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2).

Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions. Because Petitioner's claim is for breach of contract, the claim is not cognizable in a federal habeas proceeding.

## III. <u>Petitioner Fails to Name the Proper Respondent</u>

Petitioner names the Dae Henderson Jr. Trust as the Respondent in this case.

The proper respondent for a habeas petition under 28 U.S.C. § 2254 is the petitioner's warden because the warden has "day-to-day control over" the petitioner and can produce the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Based on his

address, Petitioner appears to currently be incarcerated at the Sierra Conservation Center. Therefore, the appropriate Respondent in this case is the warden at the Sierra Conservation Center, Hunter Anglea.

**IV.     Conclusion and Order**

The Court hereby ORDERS:

1. The petition for writ of habeas corpus shall be dismissed with leave to amend.
2. The Clerk's Office shall send Petitioner a copy of this order and a form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.
3. Within thirty (30) days of service of this order, Petitioner may file an amended petition. Petitioner shall name as respondent the warden of the institution in which he is incarcerated. Petitioner shall fully complete the form for the amended petition, including all grounds and the facts supporting each ground.
4. If Plaintiff fails to file an amended petition within thirty (30) days from the date of service of this order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **February 16, 2018**              /s/ *Sheila K. Oberto*
                                                                      UNITED STATES MAGISTRATE JUDGE