UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAE HENDERSON, Jr.,<br><br>Petitioner,<br><br>v.<br><br>DAE HENDERSON JR TRUST,<br><br>Respondent. | No. 1:18-cv-00143-AWI-SKO HC<br><br>**SECOND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>**ORDER DENYING AS MOOT MOTION TO AMEND PETITION**<br><br>**(Docs. 6, 8)** |

**SCREENING ORDER**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 20, 2018, following its preliminary screening of the original petition, the Court dismissed Petitioner's petition for writ of habeas corpus with leave to amend, because Petitioner failed to state a cognizable federal claim and failed to name a proper respondent.

On February 23, 2018, Petitioner filed a motion to amend his petition for writ of habeas corpus and filed a first amended petition for writ of habeas corpus. In the amended petition, Petitioner properly changed the Respondent from the Dae Henderson Jr. Trust to H.B. Anglea, the

1

Warden of the Sierra Conservation Center. However, Petitioner left the remainder of the petition, including the caption, unchanged from the original petition.

As the Court noted in the last Order, Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2).

Petitioner appears to be making a claim for breach of contract—which is not cognizable on federal habeas review. The Court will allow Petitioner one more opportunity to amend his petition to allege a claim that the nature or duration of his imprisonment violates federal constitutional provisions, if appropriate. Further, the Court will deny as moot Petitioner's motion to amend as he was previously granted leave to amend the petition.

//

//

//

//

**Conclusion and Order**

The Court hereby ORDERS:

1. The amended petition for writ of habeas corpus shall be dismissed with leave to amend.

2. The Clerk's Office shall send Petitioner a copy of this order and resend a form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

3. Within thirty (30) days of service of this order, Petitioner may file an amended petition. Petitioner shall fully complete the form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, including all grounds for relief and the facts supporting each ground.

4. If Plaintiff fails to file an amended petition within thirty (30) days from the date of service of this order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order.

5. The Court will Deny as Moot the Motion to Amend the Petition for Writ of Habeas Corpus.

IT IS SO ORDERED.

Dated: **February 27, 2018**　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE