| | |
|---|---|
| DAE HENDERSON, Jr.,<br><br>Petitioner,<br><br>v.<br><br>HUNTER ANGLEA, Warden of Sierra Conservation Center,<br><br>Respondent. | No. 1:18-cv-00143-AWI-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**<br><br>**(Doc. 14)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTIONS**<br><br>**(Docs. 20, 25, 30, 31, 33)** |

Petitioner, Dae Henderson, Jr., is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Hunter Anglea, Warden of the Sierra Conservation Center, moves to dismiss the petition as untimely. The undersigned agrees that the petition is untimely and recommends that the Court dismiss it.

Also before the Court are five motions filed by Petitioner: (1) "(Ex Parte) Motion for Stay of Execution of Judgment of State Court Fed. R. of Civ. P. 7(b) and 9(e)," (Doc. 20); (2) "Motion that Court take Judicial Notice of Agency Decision and Grant Injunctive Relief [Fed. R. of Evd. 201]," (Doc. 25); (3) "Motion to Intervene as Third Party Claimant," (Doc. 30); (4) "Amended

1

Motion to Intervene as Aggrieved Party," (Doc. 31); and (5) "In Camera Motion for Injunction and Other Equitable Relief," (Doc. 33). The undersigned recommends that the Court dismiss Petitioner's motions.

I. **Procedural Background**

On September 1, 2006, in Fresno County Superior Court ("Superior Court") case number F06906257, Petitioner pled no contest to six counts of second degree robbery (Cal. Penal Code § 211); two counts of second degree burglary (Cal. Penal Code §§ 459, 460(B)); being a felon in possession of a firearm (Cal. Penal Code § 12021(A)(1)); possession of ammunition by a person prohibited from possessing a firearm (Cal. Penal Code § 12316(B)(1)); possession of a concealed firearm in a vehicle (Cal. Penal Code § 12025(A)(1)); carrying a loaded firearm (Cal. Penal Code § 12031(A)(1)); and dissuading a crime victim from reporting a crime (Cal. Penal Code § 136.1(B)(1)). Additionally, Petitioner admitted the personal use of a firearm allegations. (Doc. 28-1 at 3.)

On the same day, Petitioner also pled no contest in Superior Court case number F05901739-3 to two counts of second degree robbery (Cal. Penal Code § 211); and one count of being a felon in possession of a weapon (Cal. Penal Code § 12021(A)(1)). Petitioner admitted to personal use of a firearm allegations and that he was on bail at the time of the offenses. *Id*. at 1.

Pursuant to the plea agreement, Petitioner was sentenced to a determinate state prison term of forty-nine years and eight months. *Id*.

On April 9, 2008, Petitioner filed an appeal with the California Court of Appeal ("Court of Appeal") alleging ineffective assistance of counsel based on trial counsel's refusal to file a motion to withdraw his no contest pleas, and requesting that the Court of Appeal review a sealed transcript in camera. (Doc. 28-2.) The Court of Appeal reversed the judgment of the Superior Court and permitted Petitioner to move to withdraw his pleas of no contest with the Superior Court. *Id*.

2

On August 21, 2008, Petitioner filed a motion to withdraw his pleas of no contest in the Superior Court. On October 16, 2008, the Superior Court denied the motion to withdraw Petitioner's pleas of no contest and reinstated the original judgment. Petitioner did not appeal the judgment of the Superior Court. (Docs. 28-3, 28-4.)

Petitioner filed two petitions for writ of habeas corpus with the state court. On April 2, 2013, Petitioner filed a petition for writ of habeas corpus with the Superior Court, which was denied on May 14, 2013. (Docs. 28-5, 28-6.) On July 20, 2013, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was denied on August 15, 2013. (Docs. 28-7, 28-8.)

On January 24, 2018, Petitioner filed his petition before this Court. Respondent moved to dismiss the petition as untimely on May 22, 2018. Petitioner did not file a response to the motion to dismiss. Also before the Court is Petitioner's "Motion for Stay of Execution of Judgment of State Court Fed. R. of Civ. P. 7(b) and 9(e)," (Doc. 20); "Motion that Court take Judicial Notice of Agency Decision and Grant Injunctive Relief [Fed. R. of Evd. 201]," (Doc. 25); and "Motion to Intervene as Third Party Claimant," (Doc. 30).

## II.     **Petitioner's Limitations Period**

### A.  **Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

> (A)     the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled during the time that a "properly filed" application for review is in state court. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

Here, judgment was entered when the Superior Court reinstated the original judgment on October 16, 2008. Judgement became final 60 days later, when the time for filing a direct appeal expired on December 15, 2008. The federal statutory limitations period began on December 16, 2008. Accordingly, the one-year statutory limitations period expired on December 15, 2009. Petitioner filed his petition for writ of habeas corpus on January 24, 2018; consequently, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

### B. <u>Petitioner's Petition Is Untimely</u>

The limitations period is not tolled from the time the state court issues a final decision on direct appeal to the time the first state collateral challenge is filed, because there is no case "pending" in state court during this interval. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006)). Here, direct review became final on December 15, 2008, and Petitioner filed his first state petition for writ of habeas corpus on April 2, 2013. Because the time between these filings was not tolled, the statute of limitations expired before Petitioner filed his first petition for writ of habeas corpus.

4

Further, Petitioner's filing in the Superior Court does not extend his limitations period. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, Petitioner's petition is untimely and must be dismissed, unless Petitioner is entitled to equitable tolling.

### III. Petitioner Is Not Entitled to Equitable Tolling

The one-year statutory limitations period is intended to protect the federal judicial system from having to address stale claims. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 634, 648 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. *Pace v. Di Guglielmo*, 544 U.S. 408, 418 (2005).

### IV. Motion to Stay Execution of Judgment – Doc. 20 and Motion for Injunctive and Equitable Relief – Doc. 33

On April 12, 2018, Petitioner filed an "(Ex Parte) Motion for Stay of Execution of Judgment of State Court Fed. R. of Civ. P. 7(b) and 9(e)."[1] (Doc. 20.) On July 19, 2018, Petitioner also filed

---

[1] Federal Rule of Civil Procedure 7(b) states:

    (b) **Motions and Other Papers.**
        (1) *In General*. A request for a court order must be made by motion. The motion must:
            (A) be in writing unless made during a hearing or trial;
            (B) state with particularity the grounds for seeking the order; and
            (C) state the relief sought.
        (2) *Form*. The rules governing captions and other matters of form in pleadings apply to motions and other papers.

Federal Rule of Civil Procedure 9(e) states:

    (e) **Judgment.** In pleading a judgment or decision of a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it suffices to plead the judgment or decision without showing jurisdiction to render it.

5

an "In Camera Motion for Injunctive and Other Equitable Relief." (Doc. 33.) Petitioner is asking the Court to stay the execution of his sentence and release him from the Sierra Conservation Center. The Ninth Circuit has questioned whether a district court has the authority to release a Petitioner pending a decision on a petition for writ of habeas corpus. *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (quoting *Land v. Deeds*, 878 F.3d 318 (9th Cir. 1989). However, it has noted that if the authority does exist, is should be exercised only in an "extraordinary case[ ] involving special circumstances or a high probability of success." *Id*.

Here, based on the Court's Order directing respondent to file a response, Petitioner argues the "petition has thus made a prima facie showing that the process whereby the state has deprived Petitioner of liberty is inconsistent with Due Process of law." *Id*. at 3. As an initial matter, the Order directing Respondent to file a response states: "[t]he Court has conducted a preliminary review of the petition. Whether Petitioner is entitled to relief on his claims is not clear from the face of the petition." (Doc. 16 at 1) (citing 28 U.S.C. § 2243.) Consequently, the Court had not determined whether Petitioner is entitled to relief at the time it ordered Respondent to respond to the petition.

Based on the Court's analysis, *supra*, that Petitioner's petition is untimely, it appears Petitioner is not entitled to relief and this Court has recommended dismissing the Petition as untimely. Therefore, staying execution of the judgment is inappropriate.

**V.** **Motion to take Judicial Notice – Doc. 25; Motion to Intervene as Third Party Claimant – Doc. 30; and Amended Motion to Intervene as Aggrieved Party – Doc. 31**

On May 11, 2018, Petitioner filed a "Motion that Court take Judicial Notice of Agency Decision and Grant Injunctive Relief [Fed. R. of Evd. 201]."[2] (Doc. 25.) Petitioner requests that

---

[2] Pursuant to Federal Rule of Evidence 201, a Court may take judicial notice of

a fact that is not subject to reasonable dispute because it:

6

the Court take judicial notice of legal documents, which were not attached to the motion, pursuant to 5 U.S.C. §§ 556, 557. This statute Petitioner refers to is the Administrative Procedural Act, specifically the sections that define the requirements for adjudication.

On June 25, 2018, Petitioner filed a "Motion to Intervene as Third Party Claimant." (Doc. 30.) Subsequently, on July 3, 2018, Petitioner filed an "Amended Motion to Intervene as Aggrieved Party." (Doc. 31.) Petitioner asks to intervene in this proceeding as a third-party claimant to "enforce maritime lien in protection of self-interest and of vested rights in the property and/or transaction subject matter of the proceedings." (Doc. 30 at 1.)

The Court reminds Petitioner once again that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Habeas proceedings are governed by the Rules Governing Section 2254 Proceedings.

Neither the motion to take judicial notice, nor the motion to intervene are related to Petitioner's claims for habeas relief because, in his second amended petition for writ of habeas corpus, Petitioner claims the prosecutor in his criminal case initiated criminal proceedings without presenting an indictment to a Grand Jury. (Doc. 14 at 4.) Therefore, the Court recommends denying both motions.

---

(1) is generally known within the trial court's territorial jurisdiction; or
(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

7

## VI. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S.

at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

**VII.     Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.  Further, the undersigned recommends denying Petitioner's motions.  (Docs. 20, 25, 30).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 23, 2018**                             /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE